DECISION AND JUDGMENT ENTRY
The sole issue in this appeal from a judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, is whether the trial court abused its discretion in its award of spousal support to appellee, Sandra K. Ostrowski. Because we find that the trial court did not abuse its discretion in its award of spousal support, we affirm.
Sandra and appellant, James J. Ostrowski, met in college. While James completed his college education, obtaining a degree in Business Management, Sandra did not do the same. The parties were married on May 24, 1968; thus, this was a marriage of long duration, thirty-two years. They had four sons, all of whom were emancipated by the time of the trial of this matter.For the most part, Sandra stayed at home caring for the children during the course of the marriage. It is undisputed that she has no marketable work skills. Sandra did work full time at a travel agency in 1984-1985 and attempted working for her brother in the same vocation at a later period; however, she could not master the computer program used in her brother's business and left that job after one week. The record reveals that Sandra was not regularly employed outside the home in the last ten years. As of the date, June 16, 2000, determined by the trial court to be the termination date of the marriage, Sandra was fifty-five years old. She has osteoporosis of the hip and spine and suffers from depression. Her medication for her conditions costs approximately $90 per month.
James is the President of Gerendich and Company Real Estate. He also holds a one-third interest in that business, as well as in two other businesses. In 1998, James' gross income, including wages, commissions (He is also a real estate broker.) and distributions, was approximately $131,000. For the same period, Sandra earned around $3,100. In 1999, James had a total gross income of about $133,000. At the time of the divorce hearing, James was fifty-six years old.
Each of the parties has some credit card debt. According to Sandra, much of her debt was accumulated for the payment of household expenses. Although the parties' youngest son is eighteen, he attends college and participates in ice dancing, an expensive sport. James pays for the bulk of these costs. Apparently, James does not have a pension plan. He has an Individual Retirement Account containing approximately $5,000, and Sandra has an Individual Retirement Account in the amount of almost $3,000.
In his judgment entry, the domestic relations judge ordered an equal division of the marital property. Thus, on paper, each party received property worth $77,974.76. However, James received his entire one-third interest (valued at over $93,000) in his real estate corporation. To equalize the division, the court ordered James to pay Sandra $1,000 per month for a period of forty-six months, with a final payment of $559.60 in the forty-seventh month.
After considering the factors set forth in R.C. 3105.18(C) in order to ascertain a reasonable and appropriate award, the trial court ordered James to pay Sandra $4,000 per month for life in requested spousal support. The support was made terminable upon the death of either party or upon Sandra's "remarriage or cohabitation." The court reserved jurisdiction to modify the award.
It is from the foregoing judgment that James appeals and asserts the following error occurred in the proceedings below:
 "1. THE COURT ERRED IN AWARDING SPOUSAL SUPPORT SINCE ALL OF THE FACTORS ENUMERATED IN R.C. 3105.18 WERE NOT CONSIDERED AND THERE WAS NO FACTUAL BASIS OR RATIONALE TO SUPPORT THE AMOUNT AND THE DURATION OF SPOUSAL SUPPORT AWARDED."
The law applicable to appellant's sole assignment of error is found in R.C. 3105.18 and the cases applying that statute. If requested by either party, a trial court may, after the division or disbursement of property under R.C. 3105.171, award reasonable spousal support in an amount the court deems equitable. R.C. 3105.18(B). In order to determine whether spousal support is "appropriate and reasonable" and the "nature, and amount, and terms of payment, and duration of spousal support," the trial court must consider the following factors:
 "(a) The income of the parties from all sources, including, but not limited to, income derived from property divided * * * under R.C. 3105.171 of the Revised Code;
"(b) The relative earning abilities of the parties;
 "(c) The ages and the physical, mental, and emotional conditions of the parties;
"(d) The retirement benefits of the parties;
"(e) The duration of the marriage;
 "(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 "(g) The standard of living of the parties established during the marriage;
"(h) The relative extent of education of the parties;
 "(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 "(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 "(l) The tax consequences, for each party, of an award of spousal support;
 "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 "(n) Any other factor that the court expressly finds to be relevant and equitable." R.C. 3105.18(C).
The trial court's judgment must contain sufficient detail to enable a reviewing court to determine that the spousal support award is "fair, equitable and in accordance with the law." Kaechele v. Kaechele (1988),35 Ohio St.3d 93, 97; Glick v. Glick (1999), 133 Ohio App.3d 821, 830.
Because an award of spousal support is discretionary, we cannot reverse a trial court's judgment on this issue absent an abuse of discretion.Bowen v. Bowen (1999), 133 Ohio App.3d 616, 626. A trial court abuses its discretion when, in reaching its decision, it acts with an unreasonable, arbitrary, or unconscionable attitude. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
James argues that the domestic relations court erred by failing to consider all fourteen of the factors listed in R.C. 3105.18(C). Specifically, James maintains that the court failed to consider "any income derived from the division of the marital property," any income derived from Sandra's "full-time" employment, and Sandra's "need" for a spousal support award of $4,000 per month. He also maintains that the domestic relations judge did not set forth any basis for the conclusion that James had the ability to pay $4,000 per month in spousal support in addition to paying Sandra $1,000 per month in satisfaction of the division of marital property.
We first turn our attention to the matter of whether the trial court "acknowledged" that Sandra was "working full-time." The trial court's judgment contains the following sentence: "She [Sandra] has worked full-time less than a year since the divorce was filed." Sandra filed her complaint for divorce in September 1997. The court's judgment is file-stamped "July 28, 2000." Consequently, we interpret the trial court's judgment as stating that Sandra worked full-time less than a year within a three year period. There is no evidence in the record of this case to establish that Sandra was working at all, much less full-time, in the year preceding the divorce hearing. Thus, we shall disregard James' argument with regard to this alleged finding.
As to James' remaining assertions, while the question of whether spousal support was necessary under the old statutory scheme, the current R.C. 3105.18 does not require a court to determine whether that support is "needed." Bowen v. Bowen, 132 Ohio App.3d at 626; Ballard v. Ballard
(Mar. 27, 2001), Belmont App. No. 99-CA-38, unreported. The only relevant issue is whether spousal support is appropriate and reasonable. Bowen, at 626.
In the present case, the domestic relations judge enumerated all of those factors that he considered relevant to his decision. These included Sandra's age, her lack of potential for self support, the disparity in incomes, her loss of income production capacity because of her long-time role as wife and mother, the length of the marriage, the parties' comfortable lifestyle during the marriage and the duration of the marriage. Finally, based on James' income and the duration of marriage, the trial court determined that James had the ability to pay $4,000 per month in spousal support and that this amount could be paid for an indefinite period of time as an exception to Kunkle v. Kunkle (1990),51 Ohio St.3d 64, paragraph one of the syllabus (An exception to the rule that spousal support should terminate on a date certain occurs in cases involving marriages of a long duration or where the homemaker-spouse lacked the opportunity to develop meaningful employment outside the home.) Accordingly, we find that the trial court set forth a sufficient basis for our review of its judgment and, based upon the entire record of this cause, conclude that the trial court did not abuse its discretion in its award of spousal support to Sandra. James' sole assignment of error is found not well-taken.
On consideration thereof, this court finds that substantial justice was done the party complaining, and the judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, is affirmed. James J. Ostrowski is ordered to pay the costs of this appeal.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J.
Peter M. Handwork, J. and James R. Sherck, J. CONCUR.